**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**DAVID E. BAGWELL**                                                                                          PLAINTIFF

VS.                                                                                  Case No. <u>4:08-cv-3329_GTE</u>

**PORTFOLIO RECOVERY ASSOCIATES, LLC, AND**
**HOSTO, BUCHAN, PRATER & LAWRENCE, PLLC.**                                    DEFENDANTS

<u>**SEPARATE DEFENDANT HOSTO BUCHAN, PRATER &**</u>
<u>**LAWRENCE, PLLC.'S MOTION TO DISMISS AND COMBINED BRIEF**</u>

<u>Motion to Dismiss and Combined Brief</u>

i. **The Bankruptcy Code's Discharge Injunction Implicitly Repealed the FDCPA in the Context of this Action**

1.  David E. Bagwell ("Bagwell") bases his Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*., ("FDCPA") claim in this action on the filing of a lawsuit against him by separate defendant Hosto, Buchan, Prater & Lawrence, PLLC, ("Hosto") on the behalf of separate defendant Portfolio Recovery Associates, LLC, (PRA") for a debt ("the debt") formerly owed to Sears and which debt Bagwell claims was discharged in his 1993 bankruptcy case. Hosto assumes for the purposes of this motion that the debt was discharged in that bankruptcy case.

2.  11 U.S.C. §524(a)(1) of the Bankruptcy Code provides in relevant part:

A discharge in a case under this title—
…
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor ….

This provision is generally referred to as the discharge injunction.

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 2 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 2

3. In *Walls v. Wells Fargo Bank N.A.,* 276 F.3d 502 (9th Cir. 2002), plaintiff Walls, a debtor whose debt was discharged in a Chapter 7 bankruptcy, sued defendant Wells Fargo, a creditor who attempted to collect on the debt after the discharge, *Id.*, 504, claiming that it had violated both the discharge injunction, for which she sought damages in a private cause of action, and the FDCPA prohibition against unfair or unconscionable means of debt collection"), 15 U.S.C. § 1692f[*]. *Id.* After determining that the discharge injunction did not afford Walls a private right of action against Wells Fargo, the Ninth Circuit states:

> To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door--a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt. "A mere browse through the complex, detailed and comprehensive provisions of the lengthy Bankruptcy Code... demonstrates Congress' intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the *debtor's protection and remedy remain under the Bankruptcy Code*.

276 F.3d 502, 519. [citations omitted] [emphasis added]. As one commentator concludes, "The upshot of the Ninth Circuit Court of Appeals's holding in *Walls* is that the Bankruptcy Code implicitly repeals the FDCPA as a mechanism for debtors to curb post-discharge collection efforts for debts that have indeed been discharged." Michael D. Sousa, *Circuits Split: Does the Bankruptcy Code Implicitly Repeal the FDCPA?* 25-8 ABIJ 20,20 (2006) [emphasis in original]. But see *Randolph v. IMBS Inc.,* 368 F.3d 726 (7th Cir. 2004).

---

[*]For purposes of this Motion to Dismiss, there is no substantive difference between Walls' action for violation of Section 1692(f) of the FDCPA and Bagwell's action for violation of Section 1692(e) of the FDCPA.

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 3 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF
AND ANSWER OF SEPARATE DEFENDANT
HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 3

4. This Court should adopt the Ninth Circuit's position that the Bankruptcy Code provides an exclusive remedy available to Bagwell for an alleged violation of the discharge injunction. The purpose behind a discharge is "to release an individual debtor's *in personam* obligation to pay pre-petition indebtedness and serves as a permanent injunction against any act to collect a discharged debt." Singer, George H., *Section 523 of the Bankruptcy Code: The Fundamentals of Nondischargeability in Consumer Bankruptcy*, 71 Am. Bankr. L. J. 325, 325 (1997) [emphasis in original]. In order to further this purpose, Congress "designed the permanent injunction to 'give complete effect to the discharge, to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts, and to ensure that 'once a debt is discharged, the debtor will not be pressured in any way to repay it.'" *Circuits Split* [citing *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 182 (Bankr. E.D. Va. 2000).]. The discharge injunction was designed specifically to provide Bagwell with the remedy that he seeks against Hosto for suing on a claim he alleges has been discharged in bankruptcy.

5. By enacting the discharge injunction in the Bankruptcy Code, Congress has impliedly repealed the remedies otherwise available to Bagwell under the Section 1692e of the FDCPA. Bagwell's sole remedy against Hosto for suing him on a discharged debt is to file a complaint for injunctive relief in the bankruptcy court in which his received his discharge.

    ii. **Bagwell Lacks Standing to Bring this FDCPA Claim**

6. Bagwell did not schedule his FDCPA claim against Hosto and PRA in his original chapter 7 bankruptcy petition filed in 2007. At 3:07 p.m. on July 2, 2008, Bagwell's chapter 7 trustee ("the trustee") filed a Report of No Distribution ("the Report") in that case. A certified copy

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 4 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 4

of the Report is attached to and incorporated into this motion as Exhibit A.  The text of that Report is as follows:

> Report of No Distribution: Trustee of the Estate Reports that Neither Property was Received Nor Money Paid on Account of the Estates Except Exempt Property; Diligent Inquiry has Been Made Into the Financial Affairs of the Debtor(s) and the Location of Property; There is No Property Available for Distribution Over and Above that Exempted by Law. Pursuant to FRBP 5009 I Certify that the Estate has Been Fully Administered. I Request that the Report be Approved and I Be Discharged from Any Further Duties as Trustee. (Rice, M.) (Entered: 07/02/2008)

7.  On the same day, at 3:21 P.M., Bagwell amended Schedule B (personal property) of his chapter 7 schedules to include a contingent and unliquidated "FDCPA claim … [i]nadvertently filed as a writ of garnishment [on Bagwell's original Schedule B] …" valued at $7,500; Bagwell also amended Schedule C of his chapter 7 schedules to exempt from his chapter 7 estate the full value placed on that claim.  A certified copy of those Amended Schedules is attached to and incorporated into this motion as Exhibit B.  Bagwell's chapter 7 case was closed the next day as is shown by docket entry 33 on docket sheet in Bagwell's 2007 bankruptcy case, a certified copy for which docket sheet is attached to and incorporated into this motion as Exhibit C.

8.  11 U.S.C. §522(l) provides, "The debtor shall file a list of property that the debtor claims as exempt [from property of the estate under 11 U.S.C. §541] ….  Unless a party in interest objects, the property claimed as exempt on such is exempt…;" property is claims as exempt on Schedule C to a debtor's bankruptcy schedules.  See Official Bankruptcy Forms, Part 1.  Bankruptcy Rule 1009(a) allows a debtor to amend schedules.  Bankruptcy Rule 4003(b) allows the "trustee and any creditor who may file objections to the list of property claimed as exempt within 30 days after … the filing of any amendment to the list or supplemental schedules …."  Implicit in the right of

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 5 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 5

Bagwell's trustee and creditors to object to his amended claim of exemption is the right to be notified of that amended claim and of the right to file an objection. No such notification was provided; see Exhibit C. Since Bagwell's FDCPA claim has not been properly claimed as exempt, that claim remains the property of his chapter 7 estate.

 9. Under 11 U.S.C. §§704(a)(1)(4) and (9), respectively, of the Bankruptcy Code, it is the duty of the Trustee to "collect and reduce to money the property of the estate for which the trustee serves …", "investigate the financial affairs of the debtor" and to "make a final report and file a final account of the administration of the estate with the court and with the United States trustee…." Therefore, the Trustee has a duty, among other things, to determine whether a debtor is entitled to the exemptions claimed and, if not, to object to those exemptions; he has not been given an opportunity to do so with respect to Bagwell's FDCPA claim. Accordingly, that claim must be deemed to remain property of the chapter 7 estate until such time as it is properly determined to be exempt. As the FDCPA claim belongs to the estate, rather than to Bagwell, only Bagwell's chapter 7 trustee, rather than Bagwell, has standing to file suit to enforce and liquidate that claim and that trustee did not do so.

 10. As David Bagwell lacks standing to bring this action, this action must be dismissed.

  iii. **Bagwell's Complaint Must be Dismissed under Rule 12(b)(5).**

 11. Rule 4(h), F.R.C.P., provides in relevant part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
> (1) in a judicial district of the United States in the manner prescribed for individuals by subsection [F.R.C.P. 4](e)(1), or by delivering a copy of the summons

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 6 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 6

and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant….

12. Rule 4(e), F.R.C.P., provides:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district of the United States:
(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State….

13. Since this case is pending in the U.S. District Court for the Eastern District of Arkansas, unless service of process is accomplished by service upon a corporate official as stated in Rule 4(h), F.R.C.P., service of process must be accomplished under Rule 4(e)(1), F.R.C.P., which, in turn, references applicable provisions of the Arkansas Rules of Civil Procedure ("A.R.C.P.").

14. Rule 4(e), A.R.C.P., provides, in relevant part.

d) Personal Service Inside the State. A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made upon any person designated by statute to receive service or as follows:
(1) Upon an individual, other than an infant by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age, or by delivering a copy thereof to an agent authorized by appointment or by law to receive service of summons
….
8(A)(i) Service of a summons and complaint upon a defendant of any class referred in to paragraphs (1) through (5) and (7) of this subdivision of this rule may be made by the plaintiff or an attorney or record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations….

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 7

15. The green card attached to Bagwell's Return of Service in this action was signed by Lavonda Mack ("Mack"). It does not restrict delivery "to the addressee of the agent of the addressee", contrary to the requirements of Rule 4(d)(8)A)(i). Bagwell appears to have attempted to serve Hosto by serving Bryan Hosto, its agent for service. Attached to and incorporated into this motion as Exhibit D is the affidavit of Bryan Hosto ("Mr. Hosto"). In his affidavit Mr. Hosto states that he is the agent for service for Hosto and that Mack is not and never has been "an officer, managing or general agent or any other agent authorized by appointment or by law "to receive service of process. Mr. Hosto also states in his affidavit that he has never authorized Mack to accept service of process for him or on his behalf, that he has never filed any document pursuant to or in accordance with U.S. Postal Service regulations which would authorize Mack to receive mail as his agent and that he has never been served with process in this action under Rule 4(d)(1), A.R.C.P. Accordingly, Hosto (the defendant law firm) has not been served pursuant to Rule 4(h)(1), F.R.C.P.

16. Mr. Hosto also states in his affidavit that he has never been by certified mail with any summons in this action; Bagwell has not filed any return of service showing otherwise. Thus, Hosto has not been served pursuant to Rule 4(d)(1) or 8(A)(i), A.R.C.P. See Rule 4(e)(1), F.R.C.P. (Paragraph 12, above).

17. Bagwell was required to serve Hosto pursuant to Rule 4(h)(1), F.R.C.P., or pursuant to Rule 4(d)(a), A.R.C.P. See Rule 4(h)(1) and 4(e)(1), F.R.C.P. He failed to accomplish service of process upon Hosto by any of those means, on account of which his Complaint should be dismissed as against Hosto pursuant to Rules 4(m) and 12(b)(5), F.R.C.P.

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 8 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 8

## Answer

1. Hosto, Buchan, Prater & Lawrence, PLLC, ("Hosto") admits the allegations set forth in Paragraph 1[*] of the Complaint.

2. Hosto admits the allegations set forth in Paragraph 2.

3. Hosto admits the allegations set forth in Paragraph 3.

4. Hosto admits the allegations set forth in Paragraph 4 insofar as they relate to the Hosto's transacting business in this District. It lacks sufficient information either to admit or to deny the allegation that David E. Bagwell ("Bagwell") resides in this District. It lacks sufficient information either to admit or to deny that Portfolio Recovery Associates, LLC, ("PRA") does business in this District. It lacks sufficient information either to admit or to deny that venue is proper in this District.

5. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 5.

6. Hosto admits the allegations set forth in Paragraph 6.

7. Hosto admits the allegations set forth in Paragraph 7.

8. Hosto admits the allegations set forth in Paragraph 8.

9. Hosto admits the allegations set forth in Paragraph 9.

10. Hosto admits the allegations set forth in Paragraph 10.

11. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 11.

---

[*]Unless the context indicates otherwise, all references in this Answer to "Paragraph" relate to the corresponding numbered paragraph of the Complaint filed in this action.

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 9

12. Hosto admits the allegations set forth in Paragraph 12.

13. Hosto admits the allegations set forth in Paragraph 13.

14. Hosto admits the allegations set forth in Paragraph 14.

15. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 15.

16. Hosto admits the allegations set forth in Paragraph 16.

17. Hosto admits the allegations set forth in Paragraph 17.

18. Hosto admits the allegations set forth in Paragraph 18.

19. Hosto admits the allegations set forth in Paragraph 19 insofar as those allegations relate to Hosto; Hosto lacks sufficient information either to admit or to deny those allegations insofar as they relate to PRA.

20. Hosto admits the allegations set forth in Paragraph 20 insofar as those allegations relate to Hosto; Hosto lacks sufficient information either to admit or to deny those allegations insofar as they relate to PRA.

21. Hosto admits the allegations set forth in Paragraph 21 insofar as those allegations relate to Hosto; Hosto lacks sufficient information either to admit or to deny those allegations insofar as they relate to PRA.

22. Hosto admits the allegations set forth in Paragraph 22 insofar as those allegations relate to Hosto; Hosto lacks sufficient information either to admit or to deny those allegations insofar as they relate to PRA.

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 10 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 10

23. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 23.

24. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 24.

25. Hosto admits the allegations set forth in Paragraph 25.

26. Lacks sufficient information either to admit or to deny the allegations set forth in paragraph 26 and states, further, that the Exhibit C which Bagwell attempted to serve upon Hosto does not contain all or a part of the letter referenced in Paragraph 26.

27. Hosto admits the allegations set forth in Paragraph 27.

28. Hosto admits the allegations set forth in Paragraph 28.

29. Hosto admits the allegations set forth in Paragraph 29.

30. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 30.

31. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 31; however, Hosto denies the allegations set forth in that paragraph insofar as they relate to http://www.phinosolutions.com as that internet site does not appear to be operative.

32. Hosto admits that it made demand on Bagwell for payment on PRA's account as set forth in Paragraph 32. Hosto lacks sufficient information either to admit or to deny the remaining allegations set forth in Paragraph 32.

33. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 33.

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 11

34. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 34.

35. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 35.

36. Hosto does not know what Bagwell means by "defaulted files", "appropriate bankruptcy codes" and "properly disqualify", as those phrases are used in Paragraph 36, on account of which it lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 36.

37. Hosto denies the allegations set forth in Paragraph 37.

38. Hosto denies the allegations set forth in Paragraph 38.

39. Hosto admits the allegations set forth in Paragraph 39.

40. Hosto denies the allegations set forth in Paragraph 40.

41. Hosto admits the allegations set forth in the first sentence of Paragraph 41.  Hosto admits that neither Sears, PRA nor Hosto was scheduled in Bagwell's 2007 bankruptcy case.  Hosto lacks sufficient information either to admit or to deny the remaining allegations set forth in Paragraph 41.

42. Hosto denies the allegations set forth in Paragraph 42; however Hosto admits that on August 2, 2007, Bagwell amended Schedule B in his 2007 bankruptcy case to schedule an FDCPA claim.

43. Hosto denies the allegations set forth in Paragraph 43, and states that the trustee in Bagwell's 2007 chapter 7 bankruptcy case did not abandon Bagwell's cause of action against Hosto and did not have an opportunity to assess for the benefit of Bagwell's chapter 7 estate the claim on

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF
AND ANSWER OF SEPARATE DEFENDANT
HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 12

which this action is based.  Hosto incorporates by reference Paragraphs 11 and 12 of its Motion to Dismiss, above.

    44.  Paragraph 44 does not state facts to which Hosto is required to respond.

    45.  Paragraph 45 does not set forth statements of fact relating to this action to which Hosto is required to respond.

    46.  Paragraph 46 does not set forth statements of fact relating to this action to which Hosto is required to respond.

    47.  Hosto denies the allegations set forth in Paragraph 47 and states affirmatively that it has a *bona fide* defense to those allegations.

    48.  Hosto denies the allegations set forth in Paragraph 48.

    49.  Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 49.

    50.  Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 50.

    51.  Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 51.

    52.  Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 52.

    53.  Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 53.

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 13

---

54. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 54.

55. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 55.

56. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 56.

57. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 57.

58. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 58.

59. Hosto lacks sufficient information either to admit or to deny the allegations set forth in Paragraph 59.

60. Hosto asserts as a defense Bagwell's failure to mitigate damages by failing to dispute, due to discharge in bankruptcy, the validity of the debt when he received the letter attached as Exhibit D to the Complaint.

61. Pleading affirmatively, Hosto pleads any and all defenses which may be applicable for Rule 8(c), F.R.C.P.

62. The Complaint should be dismissed pursuant to Rule 12(b)(6), F.R.C.P.  Hosto incorporates by reference Paragraphs 1-5 of its Motion to Dismiss, above.

Case 4:08-cv-03229-GTE   Document 7   Filed 03/09/09   Page 14 of 15

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 14

63. Pleading affirmatively, Hosto states that the complaint should be dismissed as Bagwell lacks standing to bring this action. Hosto incorporates by reference Paragraphs 6-10 of its Motion to Dismiss, above.

64. Pleading affirmatively, Hosto states that the complaint should be dismissed pursuant to Rules 12(b)(4) and (5), F.R.C.P., for insufficiency of service of process. Hosto incorporates by reference Paragraphs 11-17 of its Motion to Dismiss, above.

65. Pleading affirmatively, Hosto states that Bagwell failed to mitigate his damages by seeking validation of the debt for which the action mentioned in Paragraph 28 of his Complaint was brought.

66. Hosto reserves the right to plead further, including pleading by way of cross-complaint or third-party action.

**WHEREFORE**, Hosto, Buchan, Prater & Lawrence, PLLC, moves that David E. Bagwell's Complaint in this action be dismissed because (a) the Complaint fails to state a claim upon which relief can be granted, (b) Bagwell lacks standing to bring this action and (c) of insufficiency of service of process. In the alternative, Hosto, Buchan, Prater & Lawrence, PLLC, prays that David E. Bagwell take nothing by his Complaint and for all other just and proper relief to which it is or may become entitled.

> HOSTO, BUCHAN, PRATER &
> LAWRENCE, P.L.L.C.
> DEFENDANT

Bagwell v. Portfolio Recovery Assoc., *et al.*
U.S. Dist. Ct., E.D. Ark., No. 4:08-bk-3229-GTE
**MOTION TO DISMISS AND COMBINED BRIEF**
**AND ANSWER OF SEPARATE DEFENDANT**
**HOSTO, BUCHAN, PRATER & LAWRENCE**
Page 15

---

                                             Richard L. Lawrence, Ark. BIN 82091
                                             Arnold N. Goodman, Ark. BIN 79073
                                             HOSTO, BUCHAN, PRATER &
                                             LAWRENCE, P.L.L.C.
                                             P.O. Box 3315
                                             Little Rock, AR  72203
                                             Telephone:  501-320-0204
                                             Facsimile:  501-482-0204
                                             Email:  agoodman@hosto.com

                                             ATTORNEYS FOR PLAINTIFF

                                             By: /s/ Arnold N. Goodman
                                                   Arnold N. Goodman, Ark. BIN 79073

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System, and *via* first class mail postage prepaid to parties required to be noticed pursuant to the Federal Rules of Civil Procedure on the date entered on the court's docket.

                                             /s/ Arnold N. Goodman