UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**David E. Bagwell**                                                                              **Plaintiff**

v.              Case Number: 4:08-cv-03229-GTE

**Portfolio Recovery Associates, LLC; and**                                          **Defendants**
**Hosto, Buchan, Prater & Lawrence, PLLC**

## RESPONSE (AND BRIEF IN SUPPORT) TO SEPARATE DEFENDANT HOSTO, BUCHAN, PRATER & LAWRENCE, PLLC'S MOTION TO DISMISS

Comes now the Plaintiff, David E. Bagwell, by and through his attorney, Joel G. Hargis of Crawley, DeLoache & Hargis, PLLC, and for his Response (and Brief in Support) to Separate Defendant Hosto, Buchan, Prater & Lawrence, PLLC's Motion to Dismiss and Combined Brief (hereinafter referred to as "Hosto"), states as follows:

### INTRODUCTION

Hosto seeks to dismiss Plaintiff's case on the following three theories:

- That Section 524 of Title 11 of the United States Code (hereinafter referred to as "§ 524" or the "discharge injunction") "implicitly repeals" Section 1692, *et seq.*, of Title 15 of the United States Code (hereinafter referred to as "the FDCPA") and that the Plaintiff's sole remedy is to travel back to California to pursue a contempt action in the same bankruptcy court that issued the discharge injunction;

- That the Plaintiff lacks standing because his Chapter 7 schedules were mislabeled and amended just prior to the closing of his case; that the Chapter 7 Trustee did not have an opportunity to review the claimed exemptions listed in the amended schedules; and that, therefore, the Plaintiff's chose-in-action remains property of the estate and the Chapter 7 Trustee therefore has standing to bring this action instead; and

- That service on the separate defendant Hosto was defective.

In considering a motion to dismiss, the district court must assume that all the facts alleged in the complaint are true. *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. Mo. 1994). See also *Bremer Bank, N.A. v. John Hancock Life Ins. Co.*, 2007 U.S. Dist. LEXIS 26007, *10 (Dist. Minn. Apr. 9, 2007) (when considering a motion to

dismiss, pleadings are construed in the light most favorable to the non-moving party and all facts alleged in the complaint must be taken as true). Any ambiguities considering the sufficiency of the claims must be resolved in favor of the non-moving party. *Ossman v. Diana Corp.*, 825 F. Supp. 870, 880 (D. Minn. 1993). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. Mo. 1995).

Plaintiff will address each of Hosto's arguments in turn.

**I.      Section 524 of Title 11 of the United States Code is not Implicitly Repealed by Section 1692, *et seq.*, of Title 15 of the United States Code**

Hosto's argument that § 524 of the Bankruptcy Code "implicitly repeals" the FDCPA is fatal for the three following reasons: 1) one federal statute does not implicitly repeal, preempt or preclude another federal statute unless there is a finding that there exists an irreconcilable conflict between the statutes or there is a clearly expressed legislative decision that one replaced the other; 2) Hosto's reliance on *Walls v. Wells Fargo Bank, N.A.* 276 F3d 502 (9th Cir. 2002) is misplaced because the facts of that case are completely inapposite to the case at bar; and 3) a holding in line with Hosto's argument would run afoul of any notion of justice or equity and effectively leave many debtors without recourse or the opportunity to air their grievances before a Court of competent jurisdiction.

Section 524 does not implicitly repeal, preempt or preclude the FDCPA[1]. In fact, in addressing "repeal by implication" of one federal statute over another, the Supreme Court of the United States held in *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.,* 534 U.S. 124, 141-42, 122 S. Ct. 593, 604 (2001) as follows:

---

[1] While Hosto employs the term "implicitly repeals," courts that have addressed this issue have used varying terms to describe the issue including preempt and preclude (or some form of the words). In fact the *Walls* Court employed the term preclude or precluded.

> . . ."the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." *Morton* v. *Mancari*, 417 U.S. 535, 550, 41 L. Ed. 2d 290, 94 S. Ct. 2474 (1974). "The rarity with which [the Court has] discovered implied repeals is due to the relatively stringent standard for such findings, namely, that there be an irreconcilable conflict between the two federal statutes at issue." *Matsushita*, 516 U.S. at 381 (internal quotations omitted).

(Citing to *Matsushita Elec. Industrial Co.* v. *Epstein*, 516 U.S. 367, 381, 134 L. Ed. 2d 6, 116 S. Ct. 873 (1996). Moreover, the *Matsushita* Court establishes the bar for proving that a statute had been repealed by implication so high as to require "overwhelming evidence" to establish repeal by implication. *J.E.M.* at 137. See also *Matsushita*, 516 U.S. at 381 (The rarity with which we have discovered implied repeals is due to the relatively stringent standard for such findings, namely, that there be an "'irreconcilable conflict'" between the two federal statutes at issue.)

As to the specific issue before this Court, whether § 524 implicitly repeals the FDCPA, Hosto cites exclusively to *Walls* for case law supporting their position – that § 524 indeed trumps the FDCPA. However, the 7th Circuit has addressed a similar issue in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004) wherein it held that Section 362(h)[2] of Title 11 of the United States Code did not repeal the FDCPA. The *Randolph* Court, rejecting *Walls*, employed the standard handed down by the Supreme Court in *J.E.M.* stating that, ". . . repeal by implication is a rare bird indeed . . . It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other. (Citations omitted). *Id.* at 730. Moreover, it appears that other courts are adopting the 7th Circuit's approach on this issue as well. In *Evans v. Midland Funding LLC*, 574 F. Supp. 2d 808, 817 (S.D. Ohio 2008), the Court stated that, "This Court adopts the approach of the Seventh Circuit in this matter. Plaintiff Faulk is not seeking to hold Defendants in contempt for

---

[2] Section 362(h) has been amended pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) to Section 362(k).

violation of the bankruptcy discharge order. Rather, he seeks to establish only FDCPA liability, a cause of action which presumably affords Faulk with his preferred remedy."[3]

Notwithstanding the 7th Circuit's rejection of *Walls* and the rejection of *Walls* by every District Court in the 8th Circuit that has addressed this issue (including the United States Bankruptcy for the Eastern District of Arkansas), *Walls* is factually inapposite to the case at bar and easily distinguishable.  In *Walls*, discharged debtors brought a class action lawsuit against Wells Fargo, the original creditor listed in the debtor's Chapter 7 schedules, for violation of the FDCPA and discharge injunction under § 524. *Walls* at 504.  Because Wells Fargo had been listed in the debtors' bankruptcy, it had been specifically enjoined by the Bankruptcy Court's discharge Order. (CV DK # 1 – Plaintiff's Complaint ¶ 37).  This is of particular interest because it would seem that in the State of California, at least in the Central District of California, a collector who has not been specifically enjoined by the discharge injunction may not be held in contempt of it.  *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622, pp. 19-20 (S.D. Cal. Feb. 25, 2004). (Attached hereto is a copy of the *Forsberg* case identified as Plaintiff's Exhibit "A" and incorporated herein by this reference.)[4]

In the present case, the Plaintiff has sued two debt collectors, neither of which were parties to the Plaintiff's 1993 bankruptcy, for pursuing a debt that was

---

[3] In fact, in a March 20, 2009, decision from the United States Bankruptcy Court for the Eastern District of Arkansas, Little Rock Division, Price v. America's Servicing Company, 3:07-AP-01184 filed in the base Chapter 13 case bearing case number 3:06-BK-15813, the Court stated in Footnote 14 that "The Court notes that while some courts have held that the Bankruptcy Code precludes claims under the FDCPA, *see Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504 (9th Cir. 2002), this Court finds persuasive the reasoning of the Seventh Circuit in *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004), that there is no "irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." *See also In re Figard,* 382 B.R. 695 (Bankr. W.D. Pa. 2008); *In re Payne*, 387 B.R. 614, 631 (Bankr. D. Kan. 2008); *Burkhalter v. Lindquist & Trudeau, Inc.,* No. 4:04CV1803-DJS, 2005 WL 1983809, at *1 (E.D. Mo. Aug. 16, 2005); *Drnavich v. Cavalry Portfolio Service, LLC*, No. Civ. 05-1022 PAMRLE, 2005 WL 2406030 (D. Minn. 2005)."

[4] *Forsberg* appears to be an unpublished case, but is the only case that counsel has been able to find on that address this issue.

4

discharged in bankruptcy more than thirteen years prior.  The Plaintiff herein has not sued under both the Bankruptcy Code and the FDCPA, but has brought only one cause of action pursuant to the FDCPA in a Court of competent and original jurisdiction.

Pursuant to the holding in *Randolph*, and followed by other District Courts of the 8th Circuit, as there is no irreconcilable conflict between the FDCPA and § 524 and because there is no clear legislative intent for evidencing Congress' intent for one to replace the other, § 524 does not implicitly repeal the FDCPA.  These two statutes at best overlap each other, and "Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both.  *Randolph* at 731.

Finally, if one takes Hosto's argument to its logical conclusion, then the Plaintiff and those similarly situated would find themselves effectively without recourse to pursue violations of the FDCPA and exercise their rights under federal law.  The Plaintiff herein is seeking redress pursuant to the FDCPA for the defendants' unlawful attempts to collect a debt – an act that violates multiple provisions of the same.  The Plaintiff, now residing in the State of Arkansas, was sued by separate defendant Portfolio Recovery Associates, LLC, (hereinafter referred to as "PRA"), in an Arkansas court through their attorney Hosto (a debt collector).  If this Court were to adopt the holding in *Walls*, the Plaintiff would be required to travel back to the State of California to pursue these defendants in a contempt action for violation of the discharge injunction and will be denied a remedy there because neither of the defendants named herein were specifically enjoined by the injunction.  *Forsberg* at 19-20.  Such a holding would run afoul of any notion of justice or equity and effectively leave many debtors without recourse or the opportunity to air their grievances before a Court of competent jurisdiction.

## II.  The Plaintiff is the proper party to pursue a claim for violation of the FDCPA

Hosto's argument that the Plaintiff does not have standing to pursue an FDCPA a cause of action that he has filed before this Court is without merit. While the timeline outlined by Hosto in its combined Motion to Dismiss and brief in support may seem to support its argument, the story painted by this timeline leaves out substantial and important facts that would show that the Plaintiff herein has not only acted in good faith but has proceeded through his Chapter 7 bankruptcy openly and with all candor with Randy Rice, the Chapter 7 Trustee (hereinafter referred to either as "Mr. Rice" or "the Trustee") assigned to Plaintiff's case. As lined out in the subsequent paragraphs, Hosto's argument again falls short of an Order requiring dismissal.

The Plaintiff would ask this Court to consider the case of Taylor v. Comcast Cablevision of Arkansas, Inc, 252 F. Supp 2nd 793, 799 (E.D. Ark. 2003).[5] In the *Taylor* case, the Plaintiff filed an action under the *Americans with Disabilities Act of 1990* against Comcast Cablevision of Arkansas, Inc. (hereinafter referred to as "Comcast"). Comcast moved for summary judgment raising judicial estoppel as a defense because the Plaintiff had filed a petition under Chapter 7 of the United States Bankruptcy Code after he had filed a Charge of Discrimination with the EEOC and did not disclose the potential asset on his schedules. During the pendency of the Chapter 7 case, the EEOC issued a "notice of right to sue." The Plaintiff received his discharge and never amended his schedules prior to so as to disclose his claim. The Court acknowledged that a "Plaintiff's assertion of a claim not disclosed in an earlier bankruptcy proceeding constitutes an assumption of inconsistent positions." *Id.* at 796. However, the Court also recognized that the Plaintiff's actions must evidence an intent to "manipulate or deceive." *Id*. at 799. Additionally, the Court

---

[5] While the issue in *Taylor* was "judicial estoppel" and the issue raised by Hosto herein is "standing", the facts of the *Taylor* case, its legal analysis, and the similarities of the issues places *Taylor* directly on point.

6

found that because the Plaintiff in the *Taylor* case, after filing his complaint in the Federal District Court, moved to reopen his bankruptcy case and amend his schedules to list the EEOC claim, he did not exhibit an intent to manipulate or deceive the court. *Id.* at 799.  In fact, the Court, quoting Thomas E. Ray, *Judicial Estoppel in Chapters 7 and 13,* 21 Am. Bankr. Inst.J. 14, 21 (2002), asserted that, "The better rule [than dismissal], and consistent with *Rule 1009 of the Federal Rules of Bankruptcy Procedure*, is that the debtor should be liberally allowed to amend the schedules. *Id.* at 798-799.

      The Plaintiff's recent Chapter 7 case filed in Arkansas was filed on December 31, 2007, and his original schedules were filed on February 6, 2008[6]. Plaintiff's Schedule B erroneously listed his chose-in-action on line 21 as a "Writ of Garnishment" with an unknown amount of the claim.  (Attached hereto is a copy of the original Schedule B identified as Plaintiff's Exhibit "B" and incorporated herein by this reference).  The Plaintiff's schedule listed the claim amount as unknown because an exhausted search of damages awarded under the FDCPA, case law interpreting it, and discussions with other attorneys who practice exclusively in the FDCPA had yet to be completed.  On or about February 28, 2008, Plaintiff's Section 341 Meeting of Creditors was held in Little Rock, Arkansas.  At that meeting, counsel for the Plaintiff advised Mr. Rice of the potential claim and that counsel did not have a good faith estimate to place on the FDCPA claim at that time but would advise the Trustee as soon as he could get some figures together.  As a result of this conversation between Mr. Rice and Plaintiff's counsel, Mr. Rice requested that a "Notice of Assets" be issued by the Clerk of the Bankruptcy Court, and the same was issued the following day, February 29, 2008, and required all creditors to file claims on or before June 2, 2008. (Attached hereto is a copy of the Clerk's "Notice of Assets" identified as

---

[6] To avoid confusion, the Plaintiffs 1993 Chapter 7 filing in California will be preferred to as the "California bankruptcy" while the case filed in Arkansas in 2007 will, likewise, be referred to as the "Arkansas bankruptcy."

7

Plaintiff's Exhibit "C" and incorporated herein by this reference).   It should be noted here that separate defendant PRA filed a sworn proof of claim in the Plaintiff's Chapter 7 case seeking payment on the very debt that is at issue herein and that was discharged in Plaintiff's California case in 1993.  (Attached hereto is a copy of PRA's proof of claim identified as Plaintiff's Exhibit "D" and incorporated herein by this reference).  The Bankruptcy Court issued its Order Discharging Debtor on April 24, 2008, but the case was left open pending a completion of counsel's research of FDCPA cases and the potential recovery of the debtor and his bankruptcy estate as a result of both defendants' violations of the same.

In or around the end of June, counsel for Plaintiff contacted Mr. Rice and advised him that he believed a reasonable claim amount for the FDCPA claim would be seven thousand five hundred dollars and no/100 cents ($7500.00).  The Trustee and Plaintiff's counsel agreed the $7500.00 figure was still within the Plaintiffs 11 U.S.C. § 522(d)(5) exemption (commonly and hereinafter referred to as the "wild card" exemption.[7]  However, it was also agreed that if the Plaintiff was to recover an amount greater than his remaining wild card exemption, he would notify the Trustee of such non-exempt portion to hand over to the Trustee so that the Trustee may reopen the Plaintiff's Chapter 7 case to distribute the same to validly due and owing unsecured creditors.  (Attached hereto is a copy of an affidavit signed by Randy Rice, the Chapter 7 Trustee assigned to Plaintiff's bankruptcy case identified as Plaintiff's Exhibit "E" and incorporated herein by this reference)

Finally, on July 2, 2008, after reaching the aforementioned agreement, the Trustee filed his "Report of No Distribution" and the Plaintiff filed his Amended Schedules B and C to include the definite claim value of $7500.00.  At that time,

---

[7] Pursuant to 11 U.S.C. § 522(d)(5), a debtor is entitled to claim a value of $1075.00 plus any unused portion of § 522(d)(1) not to exceed $10,125.00. As the debtor had already claimed $1700.00 of his § 522(d)(5) exemption to protect a checking account, he had a remaining § 522(d)(5) exemption in the amount of $ 9500.00 – an amount sufficient to include his FDCPA claim of $7500.00.

8

Plaintiff corrected his bankruptcy Schedule B line 21 description of the claim from the incorrect notation "Writ of Garnishment" to the correct description "FDCPA Claim." Moreover, Plaintiff included a further notation describing the error that states, "Note: Inadvertently filed as a writ of garnishment, should have been FDCPA claim."[8] (Attached hereto is a copy of Plaintiff's Amended Schedules B and C identified as Plaintiff's Exhibit "F" and incorporated herein by this reference).

In this present action before this Court, Plaintiff's inadvertent error in mislabeling his FDCPA claim and his constant communications with the Chapter 7 Trustee do not demonstrate intent to manipulate or deceive the Bankruptcy Court and, therefore, the Plaintiff has not taken an inconsistent position according to the District Court's holding in *Taylor*. In fact, the Trustee fulfilled his duty to determine whether the Plaintiff herein was entitled to the exemptions he claimed and did not object thereto. In fact, after determining that there would most likely be no assets to recover for the estate, the Trustee issued his Report of No Distribution and stated that "There is No Property Available for Distribution Over and Above that Exempted by Law. Pursuant to FRBP 5009 I Certify that the Estate has Been Fully Administered." (Attached hereto is a printout of docket in Plaintiff's Chapter 7 Bankruptcy case identified as Plaintiff's Exhibit "G" and incorporated herein by this reference).

In light of the above, Hosto's request to dismiss this case based on a lack standing should be denied as the Trustee has properly and rightfully abandoned his interest in any recovery from the Plaintiff's FDCPA chose-in-action subject to an award of damages that exceeds his § 522(d)(5) exemption.

    **III**    **Plaintiff's obtained sufficient service of process on Separate Defendant Hosto and, therefore, this case should not be**

---

[8] To avoid confusion, the Plaintiffs 1993 Chapter 7 filing in California will be preferred to as the "California bankruptcy" while the case filed in Arkansas in 2007 will, likewise, be referred to as the "Arkansas bankruptcy."

9

### dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(5)

Defendant argues that because someone other than Bryan Hosto, the registered agent for Defendant Hosto, signed for the certified mail return receipt when receiving the Summons and Complaint, that signature renders the service ineffective. Defendant is wrong because restricted delivery is not required under the Rules of Civil Procedure.

Rule 4(h) of the Federal Rules of Civil Procedure provides, in pertinent part,

**(h) Serving a Corporation, Partnership, or Association.**

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:
>    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual . . . .

Rule 4(e), then, in turn, states as follows:

**(e) Serving an Individual Within a Judicial District of the United States.**

Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Therefore, under the Federal Rules, so long as Plaintiff follows the Arkansas Rules of Civil Procedure governing service of process to a corporation or other legal entity, Plaintiff has properly served Hosto. Arkansas Rule of Civil Procedure 4(d)(5) is the rule that allows for service on a company such as Hosto. Rule 4(d)(8)(A)(i) provides the manner in which service on a company may be made as follows: "[S]ervice on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested." Note that this Rule requires

natural persons (individuals) to be served by restricted delivery. No such requirement is made when the "person" being served is a corporation or other organization.

Hosto is "a corporation or other organization." Therefore, when Plaintiff served Bryan Hosto, the registered agent of Defendant Hosto, by certified mail with a return receipt requested, Plaintiff completely and exactly complied with the required rules of service. Plaintiff mailed by certified mail his Complaint and Summons to the following address, which was the address listed on the Arkansas Secretary of State's website for Hosto's registered agent for service:

>Hosto, Buchan, Prater & Lawrence, PLLC
>c/o Bryan Hosto
>701 W. 7th Street
>Little Rock, AR 72201

In his affidavit, Mr. Hosto claims to be familiar with the Rules of Civil Procedure and also verifies that he did not receive "personal service upon me" of Plaintiff's Complaint and Summons. However, the Rules do not require "personal service" when dealing with a corporation. They merely require that the service be by certified mail, return receipt requested, upon the registered agent. There is no restricted delivery requirement. Plaintiff served the Complaint and Summons by certified mail, and the green return receipt card was received by Hosto and signed for by its employee, Lavonda Mack on January 8, 2009. Since Mr. Hosto has himself provided the proof that Ms. Mack is designated by the corporation to receive "unrestricted, certified, insured, c.o.d., express mail, and special delivery mail," service was completed as required by the Rules.

What is particularly troubling about this insufficient service allegation is that Arnold N. Goodman, counsel for Hosto, made four requests for extensions of time to file his Answer, all of which were granted in the spirit of professional courtesy by Mr. Hargis, counsel for Plaintiff. These requests came by email from Mr. Goodman on

January 15, 2009, January 19, 2009, February 10, 2009, and March 2, 2009.  At no time did Mr. Goodman indicate that there was any problem with service and, in fact, his emails indicated that Hosto was served and its only concern was alleviating its time crunch to file an Answer. These requests for extension of time carried the Answer filing date beyond the 120-day limit for serving the Complaint; thus, if Hosto's allegations were true (and as shown above, they are not), Mr. Goodman's request for an extension would have taken advantage of Mr. Hargis's professional courtesy.

Because Hosto was served in the manner required under the Arkansas Rules of Civil Procedure, which rules are incorporated by reference into the Federal Rules of Civil Procedure, Hosto's argument has no merit and its Motion to Dismiss should be denied.

## CONCLUSION

Pursuant to the case law cited above, § 524 of Title 11 of the United States Code does not and, in fact, cannot repeal by implication the FDCPA as the standards and requirements of the two statutes are not in irreconcilable conflict, there is no clear legislative decision indicating that one should repeal the other, and the defendants herein, while arguably not specifically enjoined by the discharge injunction, can comply with both simultaneously.  As to Hosto's challenge of Plaintiff's standing to pursue his FDCPA claim, the Plaintiff, through his attorney, erroneously mislabeled his property interest on Schedule B and, in fact, consulted with the Chapter 13 Trustee as to the value of his potential FDCPA claim and the exemptions he had available to protect.  As delineated above, the Chapter 7 Trustee abandoned his interest in the subject property after consultation with Plaintiff's counsel; and, moreover, the Plaintiff's actions in his Chapter 7 bankruptcy case clearly do not exhibit an intent to mislead or defraud the court or his creditors. Pursuant to the Federal Rules of Civil Procedure and the Arkansas Rules of Civil

Procedure, made applicable by the Federal Rules, Plaintiff's service upon separate defendant Hosto was proper and sufficient. In light of the foregoing, separate defendant Hosto's Motion to Dismiss should be denied.

        Respectfully submitted,

        /s/ Joel G. Hargis
        Joel G. Hargis (Bar #2004-007)
        Attorney for Plaintiff
        Crawley, DeLoache & Hargis, PLLC
        533 West Washington Ave
        Jonesboro, AR 72401
        (PH) (870) 972-1127
        (FX) (870) 972-1787
        joel@crawleydeloache.com

## CERTIFICATE OF SERVICE

I, the undersigned, do here by certify that I have served a true and correct copy of the foregoing pleading on the entities listed below by either electronic means, CM/ECF, or regular United States Post on this the 31st day of March, 2009.

Arnold N. Goodman
Hosto & Buchan, PLLC
Post Office Box 3397
Little Rock , AR 72203

Christopher D. Lagow
Portfolio Recovery Associates
140 Corporate Boulevard
Norfolk, VA 23502

        /s/ Joel G. Hargis
        Joel G. Hargis