IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID E. BAGWELL**                                                                      **PLAINTIFF**

**VS.**                                              **4:08-CV-03229-GTE**

**PORTFOLIO RECOVERY ASSOCIATES, LLC;**
**and HOSTO, BUCHAN, PRATER & LAWRENCE, PLLC**              **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is a motion to dismiss[1] filed by Defendant Hosto, Buchan, Prater & Lawrence, PLLC, ("Hosto").[2]  Plaintiff has responded.[3]

For the reasons stated below, Hosto's motion is DENIED.

**I.     BACKGROUND**

According to the Complaint, Plaintiff filed bankruptcy in California in 1993, and his debt to Sears National Bank was discharged on February 23, 1994.[4]  Portfolio Recovery Associates, LLC ("Portfolio") purchased from Sears National Bank a portfolio of accounts that included Plaintiff's account and other accounts "known by Defendant Portfolio to have been discharged in Chapter 7 bankruptcy."[5]  Portfolio retained Hosto to help collect on the accounts purchased from Sears.  In an April 13, 2007, letter, Portfolio demanded payment for an outstanding balance of $1,427.82, and listed Sears National Bank as the "Prior Creditor."[6]  On behalf of Portfolio, Hosto

---

[1]Doc. No. 7.

[2]Defendant Portfolio has not appeared in the case.

[3]Doc. No. 11.

[4]Doc. No. 3.

[5]Doc. No. 1.

[6]Doc. No. 3.

1

mailed a second demand letter on July 5, 2007. On September 26, 2007, Portfolio, represented by Hosto, filed a complaint in the District Court of Sherwood, Arkansas, seeking payment of the $1,427.82.

Plaintiff filed this case on September 26, 2008, alleging that Defendants violated the Fair Debt Collections Practices Act's[7] ("FDCPA") prohibition against using false, misleading, or deceptive statements in the collection of a consumer debt, in violation of 15 U.S.C. § 1692e and § 1692e(2).

Hosto asserts that the Complaint must be dismissed because the "Bankruptcy Code provides an exclusive remedy available to [Plaintiff] for an alleged violation of the discharge injunction" from the bankruptcy court.[8]

## II.    LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[9] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[10] A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[11] A complaint need only contain "'a short and plain statement of the

---

[7] 15 U.S.C. § 1692, *et seq.*

[8] Doc. No. 7.

[9] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[10] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[11] *Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999).

claim showing that the pleader is entitled to relief.'"[12] "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[13] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14]

## III.   DISCUSSION

### A. Discharge Injunction and FDCPA

Plaintiff asserts that Defendants violated the FDCPA's prohibition against using false, misleading, or deceptive statements when they attempted to collect a debt that was not owed.[15] In response, Hosto contends that "Congress has impliedly repealed the remedies otherwise available to [Plaintiff] under the Section 1692e of the FDCPA" and that Plaintiff's "sole remedy against Hosto for suing him on a discharged debt is to file a complaint for injunctive relief in the bankruptcy court in which he received his discharge."[16]

Hosto heavily relies on a Ninth Circuit case, *Walls v. Wells Fargo Bank, N.A.*[17]

---

[12]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[13]*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (overruling language from *Conley v. Gibson,* 78 S. Ct. 99, 102 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[14]*Id.* at 1964-65 (citations omitted).

[15]Doc. No. 1.

[16]Doc. No. 7.

[17]276 F.3d 502 (9th Cir. 2002).

In *Walls*, the court held that the plaintiff could not simultaneously pursue an action under the Bankruptcy Code and the FDCPA. It concluded that Congress did not intend "to allow debtors to bypass the [Bankrutpcy] Code's remedial scheme when it enacted the FDCPA."[18] The plaintiff in *Walls* was suing a bank for attempting to recover a debt that plaintiff alleged had previously been discharged in bankruptcy. Unlike the present case, the bank was a party to the bankruptcy action, was listed as a creditor, and was specifically enjoined by the Bankruptcy Court from collecting the debt. Here, Plaintiff is not attempting to hold Defendants in contempt for a violation of the bankruptcy discharge order[19] but, rather, Plaintiff is attempting to establish FDCPA liability based on Defendants' pursuit of a debt which Plaintiff claims is not owed.

Further, the holding in *Walls* was specifically rejected by the Seventh Circuit Court of Appeals[20] and two district courts within the Eighth Circuit.[21] In all three cases the plaintiff was permitted to proceed with FDCPA claims, and the Bankruptcy Code was held not to provide the exclusive remedy. The Seventh Circuit specifically held that the FDCPA and Bankruptcy Code can "coexist" if there is not an "irreconcilable conflict." According to Judge Easterbrook, the two statutes "overlap, each with coverage that the other lacks" and "do not repeal one another by implication; as long as people can comply with both, then courts can enforce both."[22]

---

[18] *Id*. at 510.

[19] Plaintiff even notes that "none of the Defendants herein were specifically enjoined by the U.S. Bankruptcy Court from collecting this specific debt." Doc. No. 1.

[20] *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004).

[21] *Burkhalter v. Lindquist & Trudeau, Inc.*, No. 4:04-CV-1803-DJS, 2005 WL 1983809 (E.D. Mo. Aug.16, 2005); *Drnavich v. Cavalry Portfolio Service*, *LLC*, No. Civ. 05-1022, 2005 WL 2406030 (Sept. 29, 2005).

[22] *Randolph*, 368 F.3d at 730-31.

4

In the absence of any guidance from the Eighth Circuit Court of Appeals, the Court elects to follow the Seventh Circuit and the two Eighth Circuit district courts which have rejected *Walls*. Accordingly, Hosto's legal argument is rejected.

**B.     Standing**

Hosto asserts that Plaintiff lacks standing to bring an FDCPA claim because the claim "has not been properly claimed as exempt" and "remains the property of his chapter 7 estate." However, based on Plaintiff's recitation of events, it appears that all possible issues with the bankruptcy trustee have been resolved.

**C.     Defective Service**

Hosto contends that this case should be dismissed because service was not perfected. Plaintiff sent the complaint and summons, via certified mail, to Bryan Hosto, the registered agent of Defendant Hosto. Lavonda Mack, a Hosto employee, signed for the documents on January 8, 2009. Defendant now claims that service is improper because Mr. Hosto did not sign for the documents. Defendant argues that the documents should have been mailed with delivery restricted to Mr. Hosto, rather than simply by certified mail, return receipt requested. Plaintiff counters that it fully complied with the required rules of service. He points out that when the defendant is a corporation, the Arkansas rules for service do not require "personal service" and do not limit service by mail to the registered agent. Rather, "service on the registered agent of a corporation . . . may be made by certified mail with a return receipt requested."[23] The Court holds that service has been properly perfected.

Additionally, if there had been some technical error in service, the Court would hold that Defendant had waived it. Defendant was or should have been aware of this issue in January of

---

[23] Ark. R. Civ. P. 4(d)(8)(A)(i); *see also* Fed. R. Civ. P. 4(e) and (h).

5

2009. Defendant asked for and was given, with Plaintiff's consent, extensions of time to answer on four separate occasions. Because of the extensions, the 120-day time period for service has passed. It would be inequitable to allow Hosto to avoid suit based on what it just now points out as ineffective service.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Hosto's Motion to Dismiss (Doc. No. 7) be, and it is hereby, DENIED.

IT IS SO ORDERED this  5th  day of June, 2009.

                                         /s/Garnett Thomas Eisele  
                                         UNITED STATES DISTRICT JUDGE